UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **NCF FREEDOM, INC.,** a Florida not-for-profit corporation, **SARAH HERNANDEZ, MARIBETH CLARK, KIM ANDERSON, SARA J. ENGELS, CARLTON LEFFLER,** and **SHELBY A. NAGLE,** <br><br> Plaintiffs, <br><br> v. <br><br> **MANNY DIAZ, JR.,** in his official capacity as the Commissioner of the Florida State Board of Education and member of the Florida Board of Governors, et al., <br><br> Defendants. | CASE NO.: 4:23-cv-00360-MW-MAF |

# PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW, the Plaintiffs by and through their undersigned attorneys and pursuant to Local Rule 7.1(j), provide the following supplemental authority in support of their Motion for Preliminary Injunction (Doc. 5) and state:

1. On August 30th – the day after Plaintiffs filed their Motion for Preliminary Injunction - the Second Circuit decided the case of Heim v. Daniel, 22-1135-CV, 2023 WL 5597837 (2d Cir. Aug. 30, 2023), which bears directly on

the issues in this case. (Copy attached).

2. In Heim, the Second Circuit joined the Fourth, Fifth, Sixth and Ninth Circuits in holding that the exception to First Amendment protections created by Garcetti v. Ceballos, 547 U.S. 410 (2006) for "official duties speech" of public employees does not apply to academic speech in higher education.

3. The Second Circuit observed that Garcetti specifically states that its rule may not apply in the context of academic speech. Accordingly, the Court applied its pre-Garcetti case law which relied on the conventional Pickering balancing test.[1] That test is analogous to the Eleventh Circuit's balancing test in Bishop v. Aronov, 926 F.2d 1066 (11th Cir. 1991).

4. The core of the Heim opinion is found in this passage:

> Garcetti's bar on First Amendment protection for any "official-duty" speech would thus have the effect of exiling all public-university faculty scholarship and instruction from the shelter of the First Amendment.
>
> That cannot be. It certainly cannot be squared with the Supreme Court's long-professed, "deep[] commit[ment] to safeguarding academic freedom" as "a special concern of the First Amendment." Keyishian v. Bd. of Regents of Univ. of State of N.Y., 385 U.S. 589, 603, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); *see also* Sweezy, 354 U.S. at 250, 77 S.Ct. 1203; Regents of Univ. of Michigan v. Ewing, 474 U.S. 214, 226, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985); Kennedy v. Bremerton Sch. Dist., __ U.S. __, 142 S. Ct. 2407, 2424, 213 L.Ed.2d

---

[1] *See*, Pickering v. Bd. of Educ., 391 U.S. 563 (1968).

755 (2022).

<u>Id</u>. at 11-12.

*Respectfully submitted,*

BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.

  /s/  Gary S. Edinger

| | |
|---|---|
| DANIEL R. AARONSON, Esquire | GARY S. EDINGER, Esquire |
| Florida Bar No.: 314579 | Florida Bar No. 0606812 |
| JAMES S. BENJAMIN, Esquire | 305 N.E. 1st Street |
| Florida Bar No.: 293245 | Gainesville, Florida 32601 |
| 1700 East Las Olas Blvd., Suite 202 | (352) 338-4440  (Fax) (352) 337-0696 |
| Ft. Lauderdale, Florida 33301 | GSEdinger12@gmail.com |
| (954) 779-1700 (Fax) (954) 779-1771 | |
| sexlaw@bellsouth.net | |
| danaaron@bellsouth.net | |

*Attorneys for Plaintiffs*

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Supplemental Authority has been forwarded to WILLIAM S. GALVANO, Esquire [bgalvano@grimesgalvano.com], 1023 Manatee Avenue W. Bradenton, FL 34205-7816; RACHEL B. KAMOUTSAS, Esquire [rachel.kamoutsas@flbog.edu], 325 W. Gaines Street, Tallahassee, Florida 32399-6401; and to JASON GONZALEZ, Esquire [jason@lawsonhuckgonzalez.com], ALAN LAWSON, Esquire [alan@lawsonhuckgonzalez.com], and RAY TREADWELL, Esquire [ray@

lawsonhuckgonzalez.com], 215 South Monroe Street, Suite 320. Tallahassee, Florida 32301, via the CM/ECF System this 6th day of September, 2023.

       /s/ Gary S. Edinger
GARY S. EDINGER, Esquire
Florida Bar No.: 0606812

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F) and (J)

I hereby certify that this motion and memorandum of law contains 336 words.

       /s/ Gary S. Edinger
GARY S. EDINGER, Esquire