UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NCF FREEDOM, INC.,**
a Florida not-for-profit corporation,
**SARAH HERNANDEZ**,
**MARIBETH CLARK**,
**KIM ANDERSON**,
**SARA J. ENGELS**,
**CARLTON LEFFLER**, and
**SHELBY A. NAGLE**,

      CASE NO.: 4:23-cv-00360-MW-MAF

    Plaintiffs,

v.

**MANNY DIAZ, JR.,** in his official capacity
as the Commissioner of the Florida State
Board of Education and member of the
Florida Board of Governors, et al.,

    Defendants.

## NOTICE OF VOLUNTARY DISMISSAL *WITHOUT* PREJUDICE

COME NOW, the Plaintiffs by and through their undersigned attorneys, and voluntarily dismiss this action *without* prejudice pursuant to Rule 41(a)(1)(A)(i), Fed.R.Civ.P.

1. This dismissal is filed before service of an answer or motion for summary judgment by any Defendant Accordingly, Plaintiffs may dismiss this action as of right and without the necessity for a Court Order.

## MEMORANDUM OF LAW

Rule 41(a)(1)(A)(i), <u>Fed.R.Civ.P</u>. provides as follows:

 **(a)**    **Voluntary Dismissal.**

    **(1)**    *By the Plaintiff.*

        **(A)**   *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

            **(i)**   a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

The case docket shows that no Defendant has yet filed an answer or motion for summary judgment in this litigation. Accordingly, Plaintiffs are free to dismiss this action as a matter of right. The matter is not discretionary and the Court is neither called upon nor authorized to take any action with respect to this Notice:

> It is well established that Rule 41(a)(1)(i) grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. <u>Pilot Freight Carriers</u>, 506 F.2d at 916 ("Rule 41(a)(1) means precisely what it says."); <u>Williams</u>, 531 F.2d at 1264 ("The court had no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right."); <u>Carter v. United States</u>, 547 F.2d 258, 259 (5th Cir. 1977) ("As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); <u>Exxon Corp. v. Maryland Cas. Co.</u>, 599 F.2d 659, 661 (5th Cir. 1979) ("Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court."). The dismissal is

> effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. J. Moore, *Moore's Federal Practice* ¶ 41.02[2] (1988).

Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990); *See, also*, Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976) ("The court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void. Likewise, except for determining appealability, the subsequent orders granting attorney's fees were a nullity."); PTA-FLA, Inc. v. ZTE USA, Inc., 2014 WL 7178006 at *2 (M.D. Fla. 2014) *quoting* Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963) ("There is nothing the defendant can do to fan the ashes of [an action dismissed by Rule 41(a)(1) notice] into life and the court has no role to play.").

*Respectfully submitted,*

BENJAMIN, AARONSON, EDINGER & PATANZO, P.A.

/s/ Gary S. Edinger

DANIEL R. AARONSON, Esquire
Florida Bar No.: 314579
JAMES S. BENJAMIN, Esquire
Florida Bar No.: 293245
1700 East Las Olas Blvd., Suite 202
Ft. Lauderdale, Florida 33301
(954) 779-1700 (Fax) (954) 779-1771
danaaron@bellsouth.net

GARY S. EDINGER, Esquire
Florida Bar No. 0606812
305 N.E. 1st Street
Gainesville, Florida 32601
(352) 338-4440 (Fax) (352) 337-0696
GSEdinger12@gmail.com

*Attorneys for Plaintiffs*

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice was furnished to WILLIAM S. GALVANO, Esquire [bgalvano@grimesgalvano.com], CHADWICK A. MANAUSA, Esquire [cmanausa@grimes galvano.com], and GIANNA M. TOMEO, Esquire [gtomeo@grimesgalvano.com], 1023 Manatee Avenue W., Bradenton, Florida 34205-7816; and to JASON B. GONZALEZ, Esquire [jason@lawsonhuckgonzalez.com], RAYMOND F. TREADWELL, Esquire [ray@lawsonhuckgonzalez.com] and AMBER S. NUNNALLY, Esquire [amber@lawsonhuckgonzalez.com], 215 South Monroe Street, Suite 320, Tallahassee, Florida 32301, via the CM/ECF System this 13th day of February, 2024.

      /s/ Gary S. Edinger
GARY S. EDINGER, Esquire
Florida Bar No.: 0606812